## Pensabene v. Santino

*Robert A. Lechowicz*, for plaintiff.
*William B. Brooks*, for defendant.

VOGEL, *J.*, September 24, 1982—This is a trespass action filed on February 14, 1979 by plaintiff, Anna May Pensabene, a minor at the time, against defendants, Girard and Nancy Santino, to recover for injuries sustained by plaintiff at defendants' residence.

The case came to trial before the undersigned and a jury on February 1 and 2, 1982. The jury rendered a verdict by a five-sixths majority on February 2, 1982 in favor of the defendants.

On February 10, 1982, plaintiff filed motions for a new trial, or in the alternative, for judgment n.o.v. Oral argument was held on August 9, 1982 before the Honorable Richard S. Lowe and the undersigned sitting en banc.

For the reasons stated below, this court denies plaintiff's motions for a new trial and for judgment n.o.v. The facts of this case are as follows:

On August 28, 1976, plaintiff, who was 15 years of age at the time, was babysitting for defendants' two children at the defendants' residence. Plaintiff and the two children went out through a sliding glass door onto the patio to play cards. When the phone rang, plaintiff "jumped up and ran" to answer the phone whereupon she ran into the closed glass patio door. The parties stipulated that the glass in the patio door was not safety-glazed but rather was regular plate glass.

Plaintiff sustained serious injuries to her face and leg. She was treated and received stitches at the Montgomery County Hospital emergency room and released. She remained at home for two weeks to recuperate. Plaintiff has scars on her nose, lip, and knee which have not been totally eliminated by the cosmetic surgery performed when plaintiff was 18 years old.

The only issue raised by plaintiff is an objection to the charge by the undersigned in his refusal to charge the jury with regard to the Safety Glazing Materials Act of 1971, 35 Pa. Stat. Ann. §5811 et. seq. and the corresponding regulations, 34 Pa. Admin. Code, §47.391 et seq. (N.T. 44, 76; Points for Charge 8 - 12) Plaintiff contends that defendants, even though the owners of a private residence, were required under the Act to post, paint, or mark the sliding glass door under §5813 of the Act.

Defendants argue that this section of the act applies only to commercial or public places in buildings open to the public. We agree with defendants' interpretation of the statute.

The Safety Glazing Materials Act of 1971 replaced the Safety Glazing Materials Act of 1965,

Dec. 6, P.L. 1028, No. 382, formerly found at 35 Pa. Stat. Ann. §§5801-5803, repealed 1971, June 2, P.L. 116 No. 5, §7. The 1965 Act applied solely to commercial and public places in buildings open to the public.[1]

The current Act of 1971, in addition to its application to public buildings, also refers to residential buildings in the definition of "hazardous locations", 35 Pa. Stat. Ann. §5811 (2). However, the only section that applies to "hazardous locations" is §5812 which refers to *labeling* of safety-glazed materials manufactured, distributed, imported or sold after the enactment of this statute. It is also clear from the statute that the "labeling" referred to in §5812 is not what the plaintiff has in mind when she argues the defendants' sliding glass door should have had some sort of decorative markings on the face of the glass.

The "labeling" requirements of §5812 states that all safety-glazed material sold for use in hazardous locations, must have a *label* identifying the manufacturer or installer of the glass, the nominal thick-

1. On November 10, 1981, this court handed down an order and opinion granting the defendant's motion for a new trial due to an erroneous jury charge in a case under the 1965 Act. Carol Lynn Brodt v. Edith Friedman, (Montg. Co. No. 76-8806, 1981) In that case the trial court charged the jury that glass patio doors in apartment buildings must contain safety-glazed glass. The court en banc granted defendant's motion for a new trial, holding that the 1965 Act was expressly limited to buildings which are open to the public. That case is currently on appeal to the Superior Court of Pennsylvania. The appeal in Brodt v. Friedman, supra, was withdrawn and discontinued on October 27, 1982.

We find nothing in the current 1971 Act to evidence an intent by the legislature that glass patio doors on single residential buildings be safety-glazed if installed before enactment of the statute and marked as argued by the plaintiff in this case.

ness of the glass, the type of safety material used, and the fact that this material meets the test requirements under the standards of the Department of Labor and Industry.[2]

Section 5812 does not apply to the present case. First, the defendants moved into their home in 1969 and the present Safety Glazing Materials Act was not enacted until 1971. There was no testimony presented that the defendants installed any new sliding glass doors since they moved into this house. Secondly, the "labeling" required by §5812 is a manufacturer's label stating that this glass conforms with government standards. This is not what the plaintiff contends should have been on the defendants' sliding glass door. The plaintiff argues that the defendants' door should have been marked or painted in

---

2. Section 5811 (2) of the Safety Glazing Materials Act of 1971 reads in pertinent part:

"Hazardous locations" means those installations, glazed or to be glazed in commercial and public buildings, known as framed or unframed glass entrance doors; and those installations, glazed or to be glazed in residential buildings and other structures used as dwellings, commercial buildings, and public buildings, known as sliding glass doors. . . .
Section 5812 reads as follows:

Labeling

Each light of safety glazing material manufactured, distributed, imported, or sold for use in hazardous locations or installed in such a location within the Commonwealth of Pennsylvania, shall be permanently labeled by such means as etching, sandblasting, firing of ceramic material on the safety glazing material, or by other suitable means. The label shall identify the labeler, whether manufacturer, fabricator or installer, and the nominal thickness and the type of safety glazing material and the fact that said material meets the test requirements of USA Standard Z-97.1-1966 and such further requirements as may be adopted by the Department of Labor and Industry. The label must be legible and visible after installation.

some decorative way such that a person approaching the door would know that it is closed. This type of marking is contemplated under §5813 of the Act.[3]

Section 5813 requires that all glass doors in *commercial or public places in buildings open to the public* must be safety-glazed and posted, painted or marked to alert the public as to the presence of the door. The second sentence of §5813 is the crucial provision. It provides that those places previously glazed with non-safety-glazed materials installed prior to the effective date of this act must also be posted, painted or marked. This provision was not intended to require that all non-safety-glazed glass be removed from all public buildings, but rather to require safety-glazed materials to be used in the future. This sentence cannot be severed from the first sentence of the section which refers only to commercial and public places. This requirement of marking does not apply to residential buildings.

If it had intended this marking requirement to apply to residential buildings, the legislature would have specifically provided for it as it did with the *labeling* of safety glass in hazardous locations under §§5811 (2) and 5812. The purpose of the second sentence of §5812 is to require marking of all non-

---

3. Section 5813 reads as follows: ·

Posting, painting or marking

Transparent glass or plastic doors in commercial or public places in buildings open to the public, must in addition to use of safety glazing materials, be posted, painted, or otherwise marked in such a manner as to alert the public as to their presence in accordance with standards, rules and regulations of the Pennsylvania Department of Labor and Industry. Such posting, painting or marking shall also be required in those places previously glazed with non-safety glazing materials, prior to the effect date of this act.

safety-glazed glass that was installed in *commercial and public buildings prior* to the enactment of the current Act.[4]

Finally, it should be noted that the penalty for violation of the Safety Glazing Materials Act is a criminal penalty. 35 Pa. Stat. Ann. §5815.[5] This court is hard pressed to believe that the legislature intended to make every homeowner with unmarked glass patio doors guilty of a second degree misdemeanor as established under the facts of this case. 18 Pa. Cons. Stat. Ann. §1104(2)

Accordingly, our refusal to charge the jury as requested by the plaintiff was entirely proper and the following order is appropriate.

## ORDER

And now, this September 24, 1982, after oral argument on August 9, 1982 and due consideration of the briefs, plaintiff's motion for a new trial and motion for judgement n.o.v. of February 10, 1982 are respectfully denied.

---

4. Plaintiff argues that the regulations under this statute shows an intent by the legislature that the posting and marking requirements apply to residential structures as well. 34 Pa. Admin. Code §47.391 et seq. On the contrary, the regulations mirror the language of the Act and, in fact, indicate that the marking requirements are limited to the buildings designated in §5813 of the Act. 47 Pa. Admin. Code §47.397 and 47.398.

5. Section 5815 reads as follows:

Penalty

Whoever violates the provisions of this act shall be guilty of a misdemeanor and upon conviction thereof, shall be sentenced to pay a fine of not less than five hundred dollars ($500) nor more than one thousand dollars ($1,000), or to undergo imprisonment for not less than one or more than two years, or both.